(November 3, 1923.)

STATE, Respondent, v. C. A. ALLEN and ROY CLEMENS, Appellants.

[219 Pac. 1050.]

POSSESSION OF INTOXICATING LIQUOR—JOINT INFORMATION—SEPARATE OFFENSES.

1. The information charged appellants jointly with the unlawful possession of intoxicating liquor. *Held,* that the evidence is sufficient to support the charge of joint possession.

2. The evidence shows the arrest of appellants each in possession of a jug of moonshine whiskey at the same time and place. *Held,* that under the facts of this case the conviction must be upheld even if there was no joint interest of appellants in such whiskey.

3. The general rule is that in every indictment or information against two or more the charge is several as well as joint; in effect, that each is guilty of the offense charged.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Appellants convicted of having in their possession intoxicating liquor. *Affirmed.*

Anderson & Jeffery, for Appellants.

The information being joint it is error to try the defendants and convict them of several offenses. (*Townsend v.*

*State,* 137 Ala. 91, 34 So. 382; *McGehee v. State,* 58 Ala. 360; *Lindsay v. State,* 48 Ala. 169; *Eliott v. State,* 26 Ala. 78; *State v. Bridges,* 24 Mo. 353; *State v. Hall,* 97 N. C. 474, 1 S. E. 683; *United States v. Dietrich,* 126 Fed. 664; *Wilson v. United States,* 190 Fed. 427, 111 C. C. A. 231; *Sampson v. State,* 83 Tex. Cr. 594, 204 S. W. 324.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

"A party having a right to a separate trial not only may waive such trial by laches, but may also, either expressly or impliedly, waive it by other conduct on his part." (16 C. J., sec. 2014, p. 789; 16 C. J., sec. 2013, pp. 788, 789; *Towns v. State,* 149 Ga. 613, 101 S. E. 678; *Gonzalus v. State,* 7 Okl. Cr. 444, 123 Pac. 705; sec. 8946, C. S.)

DUNN, J.—Appellants were jointly informed against for the crime of unlawfully having in their possession intoxicating liquor, commonly known as whiskey. They were tried together, and both found guilty as charged. They have appealed from the judgment, specifying five errors, all of which are directed to the one point that, the offense charged being joint, the state cannot make out its case by proving separate acts of appellants.

It appears that just before appellants were arrested by the sheriff of Bannock county they had come into an alley from Clark Street, in Pocatello, and after proceeding south about twenty-five yards they started toward the rear of some Greek coffee-houses, when they were arrested. At the time of their arrest each of appellants was carrying a jug containing a gallon of moonshine whiskey. In addition to the jugs appellant Clemens had in his pocket a pint of such whiskey. No evidence was offered by the appellants.

It is the contention of appellants that the evidence shows only separate offenses committed by them, and that such evidence is not sufficient to support the joint charge. The evidence indicates that these two defendants came into the alley together, proceeded down the alley together and to-

gether started off in the direction of the Greek coffee-houses, and were at the same place and at the same moment found by the sheriff and arrested in the act of violating the law by having in their possession intoxicating liquor. The quantity of liquor found in their possession, when considered in connection with the other facts mentioned, justifies the conclusion apparently reached by the jury that they were engaged in a joint enterprise and that the possession of the two gallons of whiskey was a joint possession.

In a charge such as this against two defendants the charge is several as well as joint. Each defendant is charged with the commission of the offense. For instance, if two persons were jointly charged with homicide the charge would mean in law that each person was guilty of the entire offense; so, in a joint charge of larceny the charge means that each person is guilty of the entire offense. If it be conceded in this case that the evidence does not show a joint offense the conviction ought to be sustained because each appellant was clearly guilty of a separate offense. (C. S., sec. 8844, provides that "Upon an indictment against several defendants any one or more may be convicted or acquitted." Under the joint information in this case and under this statute the jury might have convicted either one of these appellants and acquitted the other. It could hardly be claimed in such case that the conviction of one could be overthrown because both appellants had been charged in the same information and the one had been convicted while his codefendant was acquitted. We know of no authority that would sustain such a contention as this, and our attention has been called to none.

C. S., sec. 8998, provides:

"On an indictment against several, if the jury cannot agree upon a verdict as to all, they may render a verdict as to those in regard to whom they do agree, on which a judgment must be entered accordingly, and the case as to the others may be tried by another jury."

Under this statute and the joint information in this case if the jury had convicted one of the appellants and had disagreed as to the other, the other might later have been tried by another jury and under such evidence as that submitted in this case convicted. If such a situation were presented here it is hardly conceivable that this court would seriously entertain the contention that the convictions were not legal.

If either the one or the other of appellants might have been convicted of a separate offense under this information when the evidence showed him guilty of such separate offense, we can see no legal obstacle to a conviction of the other of a separate offense in the same trial when the evidence with equal clearness and certainty shows him to be guilty thereof, the evidence clearly showing that the separate offenses were committed by the appellants at the same time and place and while in the company of each other. In our opinion the evidence is sufficient to support the conviction of both of them of the joint offense or of each of them of a separate offense under the circumstances stated.

In *State v. Simmons*, 66 N. C. 622, Simmons and one Bradley were charged jointly with the unlawful sale of liquor, but the evidence showed a sale by Simmons alone. Simmons was convicted and Bradley acquitted, and on appeal Simmons contended that since a joint sale was charged he could not be convicted of making the sale alone. The court said: ''We are not aware of any authority for such a position, and the authorities cited by the defendant do not sustain the position.''

In *Commonwealth v. Griffin et al.*, 3 Cush. (Mass.) 523, the defendants were charged with the joint sale of intoxicating liquor. One defendant was acquitted and the other convicted. In denying the contention of appellant that he could not be legally convicted of the joint charge when his codefendant was acquitted, the court said:

''We take the general rule to be, that in every indictment against two or more, the charge is several as well as joint;

in effect, that each is guilty of the offense charged; so that if one is found guilty, judgment may be passed on him, although one or more may be acquitted. There may be exceptions, as in case of conspiracy and riot, and perhaps some others, when the agency of two or more is of the essence of the offense. Violations of the license law are not within the reason of these exceptions, and must therefore be governed by the general rule.''

In *Commonwealth v. Brown,* 12 Gray (Mass.), 135, the court said:

''It is a well-established principle, in all cases, civil as well as criminal, that a charge in tort against two is several as well as joint, against all and each of them. All or part may be convicted, and all or part may be acquitted.''

In *State v. O'Brien,* 18 R. I. 105, 25 Atl. 910, the court said:

''The contention of defendant that, because said indictment is against John L. O'Brien, *and others* who were therein named as aforesaid, it is not therefore an indictment against him individually, is untenable. . . . . But the fact that they are jointly indicted renders the indictment none the less an indictment against each of them individually.''

In Wharton, Crim. Plead. & Prac., 8th ed., sec. 301, it is said:

''When several persons join in the commission of an offense, all, or any number of them may be jointly indicted therefor, or each of them may be indicted separately; but the fact that they are jointly indicted renders the indictment none the less an indictment against each of them individually.''

The case of *State v. Edwards,* 60 Mo. 490, in which appellants were jointly charged with the sale of liquor without a license, is in point. In that case, after stating that the testimony showed, on the part of each defendant, distinct and independent violations of law and did not exhibit any common design or concert of action on their part, the court said:

"Were it not for the latitudinous provisions of our statute in reference to practice in criminal cases (2 Wagn. Stat., sec. 27, p. 1090) we should hold that objection a fatal one; and that the conviction herein could not be upheld. But as the evidence clearly shows that the defendants were each guilty of an act, or acts, which would well have warranted their separate indictment and conviction, it is not seen that there is any such 'defect or imperfection' in conducting the prosecution against them, as has tended 'to the prejudice of the substantial rights of the defendant, upon the merits.' "

In the case at bar the evidence clearly warranted the conclusion that there was a common design and concert of action on the part of these appellants in the violation of the prohibitory law. We think it probably would have been better practice, in view of the facts shown by the record, if the prosecution had filed separate informations against these appellants and thus avoided the question of joint liability, but this is not holding that it was improper to file a joint information. The evidence clearly was of such a character as to warrant their conviction if separate informations had been filed against them, and the provisions of our law governing the disposition of appeals, being equally as "latitudinous" as the provisions of the law in Missouri, require us to "give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." (C. S., sec. 9084.)

In this case there is no suggestion that appellants are not guilty of the unlawful possession of intoxicating liquor. At the time of their trial they were probably the only persons who knew whether or not they were guilty of a joint offense, that is, whether either of them had any interest in the liquor found in the possession of the other. Under the facts shown in this case they could have had no reasonable expectation of an acquittal if they were tried separately. It is a reasonable conclusion from the facts shown in the record that they considered their only chance of escape

was by submitting to a joint trial, and that for this reason they offered no objection to being tried together. After having taken the risk of a conviction in a joint trial they cannot be heard to complain for the first time in this court. (*State v. Herrera et al.* (N. M.), 24 A. L. R. 1134, 207 Pac. 1085.)

The request for an advisory verdict at the close of the state's case and an adverse ruling thereon by the court presents no question that entitles them to relief in this court. (*State v. Sullivan*, 34 Ida. 68, at p. 80, 17 A. L. R. 902, 199 Pac. 647; *State v. Murphy*, 29 Ida. 42, 156 Pac. 908; *State v. Hanson et al.*, 37 Ida. 734, 219 Pac. 1062.)

Appellants object to an instruction by the court that the jury should not consider against one defendant the jug of whiskey found in the possession of the other. This was error, but error in favor of appellants, and therefore they have no cause to complain. Under the joint information and the facts shown in the record the jury had a right to consider in the case of each appellant the liquor found in the possession of the other. But this error was invited by counsel for appellants when he objected on behalf of each appellant to receiving in evidence each jug of whiskey on the ground that the other appellant had not been shown to have any connection with it.

Counsel for appellants asks this question: "If these two men can be jointly charged and convicted of separate acts, then why not convict a man who is arrested in Pocatello charged with possession of intoxicating liquor and one arrested about the same time charged with a like offense at Grace in the extreme east end of the county?" To which the answer is that the case at bar and the case suggested by counsel for appellants are wholly dissimilar. There is nothing in the case at bar to suggest bad faith on the part of the prosecuting attorney in filing a joint information against appellants, and in sustaining the conviction in this case this court is not sanctioning such a practice as is suggested by counsel for appellants. We see no reason to fear that such a practice would even be at-

tempted by prosecuting attorneys, and nothing to suggest that this court or the trial courts would tolerate such practice if it were attempted.

The judgment must be affirmed, and it is so ordered.

Budge, C. J., and McCarthy, J., concur.

William A. Lee and Wm. E. Lee, JJ., dissent.