(No. 5187.   January 21, 1929.)

STATE, Respondent, v. E. E. SEVERNS, Appellant.

[273 Pac. 940.]

Arthur K. Bowden, for Appellant,

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

TAYLOR, J.—This appeal is from a judgment on conviction as a persistent violator of the Prohibition Law. (C.. S., sec. 2604 et seq.)

Appellant assigns as error the denial of a purported oral motion in arrest of judgment, recited to have been based on the ground that the information "does not allege facts sufficient to constitute a crime." The record nowhere presents such motion, or the fact that it was made. We may gather only from appellant's brief that it was made upon the 14th of November, some eleven days after the judgment, and after the denial of his motion for new trial. Appellant's argument goes more to ambiguity and uncertainty of the information, which, if not raised by demurrer cannot be raised on motion in arrest of judgment. There was no demurrer upon this ground, and the information states facts sufficient to constitute a public offense. A motion in arrest of judgment must be made before or at the time of the rendering of the judgment (C. S., sec. 9019), and when made after the entry of judgment, such error, if any, is not presented by, and in the state of the record cannot be considered on, an appeal from the judgment.

The second assignment of error "in denying . . . . motion for new trial," or the affidavits filed in support of the

motion, cannot be considered, the appeal being from the judgment, and not from the order denying a new trial.

Appellant's chief contention is as to alleged error in the admission of evidence including exhibits of intoxicating liquor obtained under a search-warrant. A federal prohibition officer, under a federal search-warrant issued by a United States commissioner, with the county sheriff and a deputy, searched the premises of defendant, telling him at the time that he had a search-warrant. Defendant was personally present and saw the liquor which was there found and taken. He was immediately arrested, and upon the same day waived a preliminary examination in the probate court, and was held to the district court for trial. This was on the 23d of July, 1927. Information was filed in the district court on October 17, 1927, and on the twenty-seventh day of October, trial was had. After selection of a jury and the opening of the trial, this prohibition officer who made the search was sworn as a witness, and, in answer to one of the first few questions asked him, testified that he made the search under a search-warrant, and, without objection from counsel, was permitted to detail the facts and what was found upon the search. At least two of the exhibits, bottles of beer, were introduced in evidence without objection, as well as a sack of fourteen bottles of beer found being identified without objection. Upon the offer of exhibits "A" and "B," these two bottles of beer, counsel for the defendant said:

"There is nothing before the court at this time on which we could base an objection, but we will ask permission to reserve and make our objection as soon as the basis has been laid before this court. We object, but we can't give a basis just now."

Whereupon the exhibits were admitted. After extended identification of the sack with the fourteen bottles of beer, and further detail as to its having been found on the premises, the witness was given over to defense counsel for examination. Thereupon, counsel for the defense announced his purpose in inquiring as to the arrest, that "I wanted to

find out by what authority he made the search and placed this man under arrest," and proceeded to again bring out that it was by virtue of a search-warrant. The jury was immediately excused, and the proceedings hereinafter recited were had in the absence of the jury. Defendant filed no motion or petition and no statement of facts, but counsel argued that the search-warrant should have been returned under C. S., sec. 9337, as a basis of excuse for not having proceeded earlier or in more timely manner to object to the evidence, or seek its suppression, stating:

"We will state further to our own knowledge it never has been returned to the court." "We are deprived of an exceedingly material defense. We have no opportunity to inquire into the merits of the search-warrant, and until the plaintiff had shown that he intended to introduce the search-warrant, we were lulled into security, believing that they realized that the search-warrant was invalid, and did not intend it should be inspected or that we should have an opportunity to controvert it, and consequently the statute is evidently mandatory and it cannot be—they cannot be introduced at this time, so we submit that to the court for a ruling, and we also object of course to the introduction of any testimony obtained by that search-warrant or any evidence."

The court having said to counsel, "You could have called for the search-warrant," counsel responded:

"Well, I could have called for it, but the time for filing it is gone. I am deprived of having the opportunity to investigate this and to show that it is invalid. . . . . We have had no opportunity, even if we knew there was such a thing; we had reason to believe they didn't intend to produce it, and of course made no inquiry into it."

This was a federal search-warrant. The provisions of C. S., sec. 9337, are applicable to a state search-warrant. The record discloses that the affidavit and warrant, with its return, were at all times in the records of the United States · commissioner, he being one and the same person as the

probate judge. The trial court directed that the warrant be produced. Counsel for the defense objected to the search-warrant being produced and filed at this time. However, immediately upon its production, he proceeded to examine the prohibition officer as to some matters of the contents of the warrant. Upon the court's suggestion that the United states commissioner, probate judge, would be the proper person to identify the warrant and testify as to its contents, defense counsel objected to his being called because his name was not indorsed on the information. He was, however, called and examined by both the state and the defense as to some matters with relation to the search-warrant. Counsel for the defense then interposed other objections to the validity of the warrant, based upon the length of time which had expired between a sale upon the premises, shown by the affidavit, and the filing of the affidavit and the subsequent issuance of the warrant. The court thereupon announced that objections to the validity of the search-warrant and search were overruled. The jury was recalled and the trial proceeded. It is to be observed that the hearing on the search-warrant was not in the presence of the jury, nor was the testimony of the United States commissioner taken before the jury, nor the search-warrant introduced as evidence on the trial.

In this state of the record, the errors assigned with relation to these matters are that the court erred (1) in permitting the affidavit and search-warrant to be filed, (2) in permitting the witness United States commissioner to be called, his name not being indorsed on the information, and (3) in overruling appellant's objections to, and oral motion to suppress, state's exhibits "A," "B" and "C" (the two bottles of beer and the sack of bottled beer).

▄▄ There is no merit in the first contention. The defendant precipitated, in an extremely informal and untimely manner, an inquiry into the facts as to the search-warrant. Without the search-warrant, he could not have supported any position in objection to it or to the evidence, and there

would have been nothing before the court. The second contention is equally without merit. The inquiry was a separate one, precipitated by the defense, and held in the absence of the jury, and the examination of the United States commissioner was proper in this separate proceeding, even though his name were not indorsed on the information.

The third contention is likewise without merit. The recital of the evidence and proceedings plainly discloses that no move was made between the 23d of July and the 27th of October and until after the opening of the trial and introduction of some of the evidence, to object to the search-warrant or suppress the evidence, and that neither motion nor objection was made in due or timely manner, and demonstrates that there was no surprise shown on behalf of the defendant which would bring his case within any exception which would permit an objection to be made upon this as first knowledge and information of the fact that a search had been made or evidence obtained on a search. We need not discuss the remedies nor outline a plan for defendants who seek in trials in state courts to suppress evidence obtained under either a federal or state search-warrant. The defendant at all times had knowledge that the search had been made, and that the evidence had been obtained, and he could not delay until after part of the evidence had been introduced without objection, and then, for the first time, object to or suppress the evidence. (*State v. Wansgaard*, 46 Ida. 20, 265 Pac. 671.)

Counsel for appellant argue that, however, the court did stop to inquire, and that this court should pass upon the validity of the search-warrant and search. Under the circumstances, it would have been error for the court to exclude the evidence offered. This court will not inquire into the validity of the warrant and search when the defendant, at the stage of the proceedings, and in the manner he sought such inquiry in the trial court, was not entitled to it.

Although no assignment of insufficiency of the evidence to support the verdict is specified, counsel, under the head

of argument, sets forth that the verdict is "contrary to the evidence." However, there was evidence sufficient upon the points argued to sustain the verdict, and it was not, as a matter of law, contrary to the evidence, and will not be disturbed upon that ground.

After the state had closed its case and the defense opened, the defendant was sworn, but had proceeded only to answer one question as to his name when the prosecuting attorney asked the privilege of reopening the state's case to introduce evidence of the prior conviction. This was permitted over objection of the defendant, and this action is assigned as error. That the defendant assigns that a motion for a directed verdict had already been denied, is not material. The request was made within a moment of the resting. It is within the sound discretion of the trial court to permit a case to be reopened under such circumstances, and this was not an abuse of discretion. (*State v. Brown,* 36 Ida. 272, 211 Pac. 60.)

The judgment is affirmed.

Budge, C. J., Givens and Wm. E. Lee, JJ., and Hartson, D. J., concur.