(No. 6585. February 2, 1939.)

STATE, Respondent, v. EUGENE CONNER, Appellant.

[89 Pac. (2d) 197.]

Chapman & Chapman, Lionel T. Campbell and Paul S. Boyd, for Appellant.

J. W. Taylor, Attorney General, R. W. Beckwith, E. G. Elliott, Lawrence B. Quinn and D. W. Thomas, Assistant Attorneys General, for Respondent.

MORGAN, J.—Sections 57 and 58 of chapter 103, Idaho Session Laws, 1935, page 246, are as follows:

"§ 57. The building, erection, or place, or the ground itself, in or upon which the unlawful manufacture or sale, or keeping with intent to sell, or give away, any alcoholic liquors is carried on or continued or exists, and any vehicle or other means of conveyance used in transporting such liquor in violation of this Act, and the furniture, fixtures, vessels and contents, kept or used in connection therewith, are declared a nuisance and shall be abated as in this Act provided.

"§ 58. Whoever shall erect, establish, continue or use any building, erection or place for any of the purposes prohibited in the immediately preceding section, is guilty of maintaining a nuisance and upon conviction shall be punished by a fine of not less than three hundred dollars ($300.00) nor more than one thousand dollars ($1,000.00), or imprisonment in the county jail not exceeding one (1) year, or by both such fine and imprisonment."

An information was filed charging appellant with maintaining a nuisance, as defined in sec. 57, above quoted. He was tried by a jury of six citizens of Twin Falls county, was convicted, and a judgment of conviction was pronounced and entered against him from which, and from an order denying his motion for a new trial, he has appealed.

■ The charging part of the information is as follows:

"The said Eugene Conner, on or about the 3rd day of September, 1937, and on divers and other days and times between the 30th day of June, 1937, and the 2nd day of October, 1937, in the County of Twin Falls, State of Idaho, did then and there wilfully, wrongfully, and unlawfully establish, continue and use a certain building, erection and place, located on Lot 14, in Block 29 of the Village of Kimberly, County of Twin Falls, State of Idaho, in and upon which to sell, to keep with the intent to sell and to give away alcoholic liquors, and in and upon said premises the said Eugene Conner did then and there sell, keep with the intent to sell and give away alcoholic liquors, to-wit: Whiskey and all other kinds of alcoholic liquors. All of which is contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the State of Idaho."

Appellant demurred to the information on various grounds, among them being that it did not state facts sufficient to constitute a public offense. There are set out, at considerable length, in the demurrer specifications as to the sufficiency of the information, including the contention that chapter 103, Session Laws, 1935, violates the constitutions of Idaho and of the United States in many particulars. The demurrer was overruled and the action of the judge in so doing is assigned as error. The assignment has not been argued, but we have given the information and the demurrer thereto careful consideration and find no error in the judge's ruling in this particular.

■ ■ When the case was called for trial appellant's counsel requested that the jury panel, members of which had tried two similar cases, be excused and a new panel drawn, "for the reasons that the present panel is familiar with facts which are substantially the same in this case as in the two preceding cases and the matters involved here have been prejudged, it would be impossible for this defendant to obtain a fair, impartial and unbiased jury from the present panel." The request was denied and the ruling is assigned as error.

The request that the jury panel be excused cannot be construed to be a challenge to the panel. I. C. A., sec. 19–1905, which is part of our code of criminal procedure, provides:

"A challenge to the panel can be founded only on a material departure from the forms prescribed in respect to the drawing and return of the jury in civil actions, or on the intentional omission of the sheriff to summon one or more of the jurors drawn."

There is no contention that there was any departure from the forms prescribed with respect to the drawing and return of the jury, nor that there was any omission, intentional or otherwise, to summon any juror, or jurors, drawn. The request to the judge was made orally. Sec. 19–1906 is:

"A challenge to the panel must be taken before a juror is sworn, and must be in writing, and must plainly and distinctly state the facts constituting the ground of challenge."

The request to excuse the panel and draw a new one finds no support in the laws of this state and we find no error in the action of the judge in denying it.

■ It appears from the *voir dire* examination of the jurors that two cases, wherein persons had been convicted of maintaining nuisances in violation of the section of the statute appellant was accused of violating, had been tried immediately prior to the commencement of the trial of this case. Questions were propounded to veniremen as to whether they would have opinions concerning the merits of this case if it should develop that the witnesses, who testified in the other cases in support of the prosecution, should testify in this one to a like state of facts as their testimony tended to establish in the previous cases. These jurors were challenged for cause by counsel for appellant.

■■ The record does not disclose what the evidence in the other cases was, but if it was the same as in this one it was sufficient to justify the convictions. The fact that a venireman has been a member of a jury which has convicted a defendant, in a case wherein the evidence justified his conviction, does not disqualify him in another case, against a different defendant, even if the evidence be similar and the witnesses the same in both cases. The grounds of challenge for cause are statutory in this state, and the cause relied on by appellant in this case is not to be found in the statute. The challenges were properly overruled. (*State v. Hoagland,*

39 Ida. 405, 228 Pac. 314; *State v. Murray*, 43 Ida. 762, 254 Pac. 518.)

A juror who testified on his *voir dire* examination, that the relation of attorney and client had existed between himself and a firm of attorneys appearing for appellant, and who was uncertain as to whether it still existed, was challenged for cause by the prosecuting attorney and the challenge was sustained. That ruling is assigned as error. Even if the challenge was improperly sustained, the error was not prejudicial. A party litigant has no vested right to have a certain juror, although competent, try his case. (*Hoffer v. City of Lewiston*, 59 Ida. 538, 85 Pac. (2d) 238, and cases therein cited on this point.)

When challenging a juror for cause it is well to have in mind the statutory requirement to be found in sec. 19–1922, as follows:

"In a challenge for implied bias, one or more of the legal causes must be alleged. In a challenge for actual bias, it must be alleged that the juror is biased against the party challenging. In either case the challenge may be oral, but must be entered on the minutes of the court."

It is not sufficient to say: "We challange the juror for cause." The statutory ground of challenge relied on should be pointed out. A strict conformance to this section will aid the trial judge in ruling on the challenge, and the Supreme Court in reviewing the ruling.

Appellant demanded trial by a jury of twelve. His demand was overruled and he was tried by a jury of six. He assigned as error the order requiring him to go to trial by a jury composed of less than twelve members. Idaho Constitution, article 1, section 7, since the amendment thereof ratified November 6, 1934, contains the following provision: "that in civil actions involving not more than five hundred dollars, exclusive of costs, and in cases of misdemeanor, the jury shall consist of not more than six." Appellant insists that provision relates to minor misdemeanors, and not to those which are indictable. The constitution makes no such distinction. The ruling was correct.

The sheriff of Twin Falls County served on appellant a warrant of arrest issued in this action. The arrest occurred

in a building occupied by appellant's business, which was conducted under the name of the Kimberly Club. At the time of the arrest, the sheriff made a search of the building and found 72 bottles containing whiskey, and 16 glasses. The glasses and part of the whiskey were found under a counter, or bar, in one of the rooms of the building immediately back of the front room. The larger part of the whiskey was stored in a locker, or lockers, in a room referred to in the evidence as a kitchen, although it does not appear whether the room was used for that purpose or not. After the jury had been selected, and before it was sworn to try the cause, appellant moved to suppress the evidence, consisting of the bottles of whiskey and glasses, on the ground that possession of them was obtained in violation of his constitutional rights, in that no search-warrant had been issued authorizing the search of the premises or the seizure of the property in question. The motion was denied.

The rule is well settled in this state that evidence, procured in violation of defendant's constitutional immunity from search and seizure, is inadmissible and will be excluded if request for its suppression be timely made. There are cases which may be construed to hold a proceeding to suppress such evidence is timely if it be made before trial, and that the trial commences after the jury is sworn. (*State v. Arregui*, 44 Ida. 43, 254 Pac. 788, 52 A. L. R. 463; *State v. Wansgaard*, 46 Ida. 20, 265 Pac. 671; *State v. Severns*, 57 Ida. 246, 273 Pac. 940.)

It must be borne in mind that a proceeding to suppress evidence, because procured in violation of a defendant's constitutional rights, is not a part of his trial. It is separate and apart from the trial, and the reason for the rule is that where the defendant has had an opportunity to petition for the suppression of the evidence before the trial he must do so or will be held to have waived it for, to permit inquiry as to the admissibility of the evidence, during the trial, would certainly result in expensive delay and might result in confusion. In view of the purpose of the rule, requiring that the application to suppress be made before trial, it must be and is held to require that it be made early enough, when possible, to cause no interference with the progress of

the trial. This cannot be accomplished by making the application after the jury has been examined and accepted and before it is sworn. The application to suppress evidence in this case came too late. In *State v. Dawson,* 40 Ida. 495, 499, 235 Pac. 326, 327, this court said:

"Objection to the use of evidence claimed to have been illegally obtained and the request for its return must be timely made, which means before the trial. (*Adams v. New York,* 192 U. S. 585, 24 Sup. Ct. 372, 48 L. ed. 575; *Weeks v. United States,* 232 U. S. 383, 34 Sup. Ct. 341, 58 L. ed. 652, Ann. Cas. 1915C, 1177, L. R. A. 1915B, 834; *State v. Wills,* 91 W. Va. 659, 114 S. E. 261, 24 A. L. R. 1398 (note at 1422); dissenting opinion in *State v. Anderson,* 31 Ida. 514, at 524, 174 Pac. 124; *State v. Peterson,* 27 Wyo. 185, 194 Pac. 342, 13 A. L. R. 1284.)''

When the bottles of whiskey and the glasses were offered in evidence their admission was objected to, by appellant, on the ground that they were procured in a search made without a search-warrant in violation of his constitutional rights. Search and seizure, made incidental to a lawful arrest, is not prohibited as being unreasonable within the meaning of our constitution, art. 1, sec. 17, and evidence seized is not thereby rendered inadmissible. (*State v. Myers,* 36 Ida. 396, 211 Pac. 440; *State v. Arregui,* 44 Ida. 43, 254 Pac. 788, 52 A. L. R. 463; *State v. Arnold,* 52 Ida. 349, 15 Pac. (2d) 396.) The objection to the admission of the exhibits was properly overruled.

At the close of the introduction of evidence by the prosecution, counsel for appellant moved the court to advise the jury to acquit him. The motion was overruled. Sec. 19–2023 is as follows:

"If, at any time after the evidence on either side is closed, the court deems it insufficient to warrant a conviction, it must advise the jury to acquit the defendant. But the jury are not bound by the advice.''

The giving, or refusing to give, an instruction advising the jury to acquit a defendant in a criminal case is discretionary. (*State v. Hanson,* 37 Ida. 734, 219 Pac. 1062; *State v. Allen,* 38 Ida. 168, 219 Pac. 1050.)

A number of assignments of error appear in appellant's brief which we have not discussed, and we believe no useful purpose will be served in lengthening this opinion by discussing them. We have given this case careful examination and find the evidence, which is undisputed, sufficient to sustain the conviction of the crime charged in the information. The instructions given correctly state the law applicable to the case. We find no error in the record, and the judgment and order appealed from are affirmed.

Ailshie, C. J., and Givens and Holden, JJ., concur.

BUDGE, J.—I concur in the conclusion reached that the judgment should be affirmed.

Petition for rehearing denied.