(No. 6586.   December 21, 1939.)

STATE, Respondent, v. HENRY THOMEY, Appellant.

[97 Pac. (2d) 659.]

Chapman & Chapman, Lionel T. Campbell and Paul S. Boyd, for Appellant.

J. W. Taylor, Attorney General, R. W. Beckwith, E. G. Elliott, Lawrence B. Quinn and D. W. Thomas, Assistant Attorneys General, for Respondent.

AILSHIE, C. J.—This is an appeal from a judgment of conviction for the crime of maintaining a public nuisance,—unlawfully establishing and using a certain building in and at which to sell and give away alcoholic liquors. Appellant operated a place in Buhl known as the Midget Lunch, situated in a small brick building; the north half being used by appellant as a restaurant, the south half by his son as the

Midget Bar. Several witnesses testified to there being a "nice display of liquor" on the back bar and of their purchases, some by the drink, others by the bottle from bar tenders. One witness testified to purchasing drinks ("Whiskey sour") directly from appellant at this bar. The 1937 license to operate the beer parlor was made out to Henry Thomey, Junior. October 3, 1937, appellant was arrested and brought before a justice of the peace; after preliminary examination he was held to answer in the district court. Demurrer to the amended information, stating thirty-one grounds therefor, was denied and overruled by the court February 3, 1938. Appellant's demand for a jury of twelve men was denied and six jurors were chosen and sworn.

This case appears to be disposed of by the decision in *State v. Conner,* 59 Ida. 695, 89 Pac. (2d) 197. The Conner case was tried by the same Judge (Hon. T. Bailey Lee) who tried the case at bar. The Conner case was tried April 18th, whereas the present case was tried April 14th. In *State v. Conner,* appellant presented forty-eight assignments of error, all of which were disposed of by this court adversely to the contention of appellant. In the present case the errors alleged cover substantially the same issues in twenty-six assignments. We are satisfied with the correctness of the opinion in *State v. Conner, supra,* and would consequently not be justified in reviewing the same issues again.

One error has been assigned here, however, which does not appear to have been considered in the Conner case, viz., that the court erred in denying appellant's challenge to the Juror Beals. On the *voir dire* examination of this juror, it developed that the juror entertained a very harsh feeling toward one of appellant's counsel. This antagonism apparently grew out of a case which counsel had prosecuted against the juror some years before. The juror very freely admitted his ill feeling and animosity toward counsel but disclaimed any prejudice or ill feeling toward appellant; and asserted, under examination, that he could render a fair and impartial verdict in the case, and that he would not visit his ill feeling for counsel on counsel's client. At one place in his examination he responded to counsel: "I'm absolutely neutral as far as the defense is concerned"; and at another place he said:

"I would certainly make my decision on the evidence as I see it."

The fact that a juror entertains ill feeling for counsel on one side or the other of a case, is not ground for challenge to such juror for actual bias, under sec. 19–1919, I. C. A. The feeling of bias or prejudice, whether actual under sec. 19–1919, or implied under sec. 19–1920, must be directed at "the case, or to either of the parties," and does not extend to the attorneys for the parties. Lawyers who try cases in the courts often engender ill feeling and animosity from the adverse litigant. This may be only temporary or become permanent. It might be difficult to get qualified jurors in many cases if each side could challenge every juror who does not like his counsel. That is one of the hazards and incidents of litigation which both the litigant and attorney must accept. The trial court has a wide discretion in such cases and should not retain a juror whose admitted prejudice against counsel appears likely to influence his verdict against the attorney's client. We find no error in the action of the court in denying the challenge to this juror.

We have compared the instructions complained of in this case with those assigned as erroneous in the Conner case and find them identical; the same is true as to the requested instructions that were refused.

It may properly be urged, also, that the evidence on which appellant in this case was convicted is very different from that on which Conner was convicted. The only specification of error as to the insufficiency of the evidence is as follows: "The verdict and judgment of conviction are against the evidence and are not sustained thereby." This specification fails to point out in what particular the evidence is insufficient as required by the statute. (Secs. 7–509 and 19–2302, I. C. A.) No specific or particular insufficiency of the evidence to support the verdict is pointed out or argued in appellant's brief, except in so far as it relates to certain instructions, to which the appellant has excepted. Notwithstanding this state of the record, we have read the record and had a digest made of the evidence, and it is abundantly established that considerable quantities of intoxicating liquors were exhibited at the Midget Bar and sold from time to time

by the drink. The beer license for that bar was in the name of Henry Thomey, Junior. Appellant, father of Henry Thomey, Jr., ran the adjacent restaurant in the same building; and there is sufficient evidence upon which (if believed) to sustain the conclusion, at which the jury arrived, that appellant made sales of liquor from the bar and was one of the parties to the maintenance of a public liquor nuisance.

We find no error that would require or justify a reversal of the judgment. *Affirmed.*

Budge, Givens, Morgan and Holden, JJ., concur.