(No. 5131.   March 26, 1928.)

STATE,   Respondent,   v.   SAMUEL   JOHN   EDWARD
WANSGAARD, Appellant.

[265 Pac. 671.]

J. G. Hedrick, for Appellant.

Frank L. Stephan, Attorney General, and H. O. Mc-Dougall, Assistant Attorney General, for Respondent.

BUDGE, J.—Appellant was convicted of burglary in the second degree. The information against him was filed May 28, 1927, and the trial commenced June 20, 1927. After the jury had been impaneled and sworn, and the prosecuting attorney made an opening statement, defense counsel moved to suppress all evidence obtained by means of two search-warrants, upon the ground that they were illegal and void because the supporting affidavits were made upon information and belief. The motion was argued without the presence of the jury, the sheriff of Blaine county being called as a witness and interrogated with reference to acting under the search-warrants in obtaining certain property from appellant's residence. On objection interposed by the prosecuting attorney that the motion to suppress had not been timely made, the motion was denied, and the trial proceeded. Denial of the motion is assigned as error.

"Objection to the use of evidence claimed to have been illegally obtained and the request for its return must be timely made, which means before the trial." (*State v. Dawson,* 40 Ida. 495, 499, 235 Pac. 326, and cases cited.) I do not understand *State v. Arregui,* 44 Ida. 43, 254 Pac. 788, as intending to hold anything to the contrary. In fact, that decision seems to recognize that the matter must be presented in a timely manner, and concludes that a motion to suppress, made after plea and apparently before the jury had been impaneled and sworn, was timely. While the rule in this state now is that the admissibility of evidence, otherwise competent and relevant to the issue, may be determined by inquiry as to the legality of a search or seizure under which it might have been obtained, yet

the question must be timely raised, "which means before the trial."

Webster defines "trial" as "the formal examination of the matter in issue in a case before a competent tribunal." Bouvier adopts the definition of the court in *United States v. Curtis,* 4 Mason, 232, 25 Fed. Cas. 726: "The examination before a competent tribunal, according to the laws of the land, of the facts put in issue in a cause, for the purpose of determining such issue." It has been said that the "trial" of a criminal case does not begin until the jury is impaneled and sworn (*State v. Jackman,* 31 Nev. 511, 104 Pac. 13); and that it commences immediately after they are sworn. (*Wagner v. State,* 42 Ohio St. 537.)

In the instant case, the jury had been impaneled and sworn and an opening statement made by the prosecuting attorney before any objection was made as to the introduction of evidence obtained under the search-warrants. There can be no question but that the trial had begun, and, unless there were special circumstances to render the rule as to the necessity for timely application for the suppression of evidence, inapplicable, the motion was too late. A relaxation of the rule has been permitted where it is made to appear that the first notice to the accused of a possible violation of his right is during the course of the trial, or where a proper motion had been made before trial and denied. (*Gouled v. United States,* 255 U. S. 298, 41 Sup. Ct. 261, 65 L. ed. 647; *Amos v. United States,* 255 U. S. 313, 41 Sup. Ct. 266, 65 L. ed. 654.) In attempting to bring himself within the exception, appellant argues that he did not know, or have any reason for knowing, that the articles obtained under the search-warrants would be offered in evidence until after the prosecuting attorney had stated to the jury what was intended to be proved and what evidence the state had in support of the charge, and that, accordingly, the motion to suppress was made at the first opportunity available to the defense. The facts strongly tend to show that appellant does not come within the exception that where a defendant has only learned that the

search was illegal at or immediately before the trial, and there has been no opportunity to file an objection for the return of the articles seized, the court will listen to an objection made promptly after first notice to the accused of the wrongful possession of property unlawfully seized. The search and seizure herein were made on May 24, 1927, and appellant's wife was present and assisted in the search. A few days thereafter, appellant was arrested, waived preliminary examination on the charge filed against him in the probate court, and was bound over for trial in the district court. Almost a month elapsed before the case came on for trial, and during the interregnum appellant discussed with the sheriff and prosecuting attorney the taking by him of the property from the cabin of the complaining witness. Surely, appellant knew that the property had been possessed by the officers, and if obtained by an infringement of his constitutional rights, he should have made more seasonable application for its suppression and return than that interposed after the trial had begun.

The court instructed the jury that there was no evidence to show that the crime charged was committed in the night-time, so as to constitute burglary in the first degree, and that if the jury believed the defendant to be guilty beyond a reasonable doubt, they should find him guilty of burglary in the second degree. It is contended that by this instruction the court took from the jury the right to determine whether appellant was guilty of first or second degree burglary. Precisely. But a party should have no reason to complain of an instruction distinctly in his favor. Nor did the court make any inference in the instruction that appellant should be found guilty of burglary in the second degree, as the instruction plainly left it to the jury first to decide appellant's culpability beyond a reasonable doubt.

Appellant objected to the introduction in evidence of certain records to establish ownership in the complaining witness of the house alleged to have been entered, upon the ground that they were not the best evidence. The

statute defining burglary (C. S., sec. 8400) does not require proof of ownership of the place entered. The ownership of the building was immaterial, except for the purpose of affording a means of its identification. (*People v. Mendoza,* 17 Cal. App. 157, 118 Pac. 964; *State v. Mish,* 36 Mont. 168, 122 Am. St. 343, 92 Pac. 459.) The allegation in the information that the building entered "belonged" to the complaining witness was doubtless intended to identify the building, so as to apprise appellant of the house he was charged with feloniously entering, and the fact that county records may have been introduced for the purpose of proving such allegation could in nowise be considered as prejudicial error.

The evidence is sufficient to sustain the verdict, and the judgment must be affirmed.

Wm. E. Lee, C. J., and Givens, Taylor and. T. Bailey Lee, JJ., concur.