(No. 36691

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT KING, Plaintiff in Error.

*Opinion filed February 1, 1963.*

EDWARD F. DOWNEY, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant Robert King was indicted in the criminal court of Cook County on a charge of unlawful possession of narcotic drugs. He waived a jury, was found guilty by the court, and sentenced to the penitentiary for a term of not less than five nor more than ten years. He now brings writ of error, contending that the search of his person was in violation of the fourth amendment to the constitution of the United States, and of article II, section 2, of the constitution of the State of Illinois. He also contends that he was not found guilty beyond a reasonable doubt.

Defendant's claim of unlawful search and seizure is raised for the first time on this appeal. Defendant made no motion to suppress evidence of narcotics allegedly taken from his person, but denied that any narcotics were so taken. The narcotics were admitted into evidence without objection. It is, therefore, unnecessary to consider the legality of the search of defendant since no objection on that ground was raised upon the trial. *People* v. *Brengettsy,* 25 Ill.2d 228; *People* v. *Valecek,* 404 Ill. 461.

The arresting officer, one Burke, testified that he searched the defendant and others in an apartment containing about twelve people and found five hypodermic syringes and three tinfoil packets in the possession of defendant. The packets were later analyzed and found to contain a derivative of opium. Defendant concedes that he was searched, but insists that no narcotics were taken from him. Two of his co-defendants also claim that no narcotics were taken from King, although one of the co-defendants testified on cross-examination that at least three persons present in the apartment had narcotics. Defendant also admitted that he told officer Burke that he had used narcotics. We have reviewed the entire record and conclude that the trial judge could properly find the defendant guilty beyond a reasonable doubt. *People* v. *Hyman,* 24 Ill.2d 205.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*