468 P.2d 660

STATE of Idaho, Plaintiff-Respondent,

v.

Chick SEGOVIA, also known as Florentino
Segovia, Defendant-Appellant.

No. 10266.

Supreme Court of Idaho.

May 1, 1970.

Henry F. Reed, deceased, and Derr, Derr & Walter, Boise, for defendant-appellant.

Robert M. Robson, Atty. Gen., and Richard Greener, Asst. Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Chief Justice.

Chick Segovia, also known as Florentino Segovia, the appellant was charged with the felony of illegal possession of a narcotic drug (marijuana). He stood trial before a jury, was found guilty and was sentenced to the state penitentiary for a term of five years. He appealed from this judgment of conviction.

On December 29, 1967, an informer, who had worked in narcotics cases with the Boise City Police Department on past occasions, advised officer John Cobley that he could purchase marijuana from Chick Segovia. The informer and officer Cobley drove to the vicinity of Segovia's home, but were unable to locate it. The next evening, the informer brought two marijuana cigarettes to officer Cobley's home and told Cobley that he had purchased them from Segovia that same day. Cobley and the informer agreed that the informer would arrange for the purchase of a one-pound coffee can of marijuana from Segovia on the following evening, which purchase was to be executed under the surveillance of officer Cobley on December 31, 1967.

The officer, who then had Segovia's address, with another policeman set up a surveillance of the appellant's home at about 6 o'clock p. m. that evening. They soon observed the appellant emerge from the rear of his garage, which was attached to his home, with two large brown paper bags and walk toward a large metal trash can located in the back yard. Segovia deposited one of the sacks in the trash can and then walked back to the corner of the garage with the other one and stood there for a few minutes.

While Segovia was standing near the garage, the informer drove up, stopped his car and walked over to him. They were joined by two other people who emerged from the garage, but who soon left in an automobile. The officers, not knowing whether the informer had left with the others, followed the automobile, stopped the car, and found the informer was not in it. The officers then returned to the defendant's house, but the informer's car was gone by this time. The officers then went to Cobley's home where the informer was waiting with a container of a quantity of marijuana. This was not, however, introduced into evidence against the defendant at trial.

The informer advised the officers he had purchased the marijuana from Segovia. The officers radioed for other officers to assist them and then returned to appellant's home to arrest him. Several officers came to their assistance and were

spread out around the house when Sergeant Palmer, with officer Cobley of the Boise police, went to the door and was met by Mrs. Segovia. Segovia was right behind her, and Palmer arrested him for possession of a narcotic, marijuana.

The officers then searched the house, the garage, the trash can in the back yard, and the lot surrounding the house without having first obtained a search warrant. During their search the officers discovered: (1) a small quantity of marijuana in a vase on top of a china closet in the living room; (2) a small plastic bag containing a small quantity of marijuana in a record player which was in the kitchen-dining area of the home; (3) a pipe containing a small quantity of marijuana which was found in the bedroom; (4) a one-pound coffee can full of marijuana which was found in a bush in the back yard about three feet from a trash can; (5) approximately fifty "roaches" (cigarettes) found in paper sacks in the garage and in the trash can.

The state offered into evidence Exhibit 2 consisting of those items designated above as (1) and (2); Exhibit 3, the one-pound coffee can containing marijuana, item (4) supra; Exhibit 4, the pipe, item (3) supra. Item (5) supra, was not offered into evidence. Appellant objected to the admission into evidence of Exhibit 2 and Exhibit 4 on the grounds, first, that the exhibits do not contain any usable amount of any product that could be classified as a narcotic and, second, that the analysis of the exhibits did not show a narcotic was present. These objections were overruled by the court and the exhibits were admitted into evidence. Appellant objected to the admission into evidence of Exhibit 3 (the one-pound coffee can containing marijuana) on the ground that there was nothing in the testimony indicating that the exhibit was in his possession.

Concerning Exhibit 3, the officers testified that this can of marijuana was found under a bush about three feet from the trash can and that the appellant had earlier been observed walking along a path to the trash can. The officers testified that there was a fresh cover of snow on the ground at the time the officers observed appellant walk to the trash can, that they found foot prints within three feet of the bush and that there were no other footprints within fifteen feet of the bush in either direction. They also testified that there was very little snow on the paper sack containing the marijuana.

In appellant's initial brief there are numerous errors assigned. Subsequent to filing of this brief, appellant's initial counsel passed away, and other counsel were retained for him. Additional briefs were submitted to the court by both counsel.

In appellant's second brief he discusses the issues he claims are before this court for consideration. It is asserted that there is an issue as to whether there was probable cause to arrest appellant without a warrant for his arrest. He contends that all testimony of officer Cobley pertaining to conversation he had with the informant was hearsay and that appellant's motion to strike this testimony should have been granted. The record discloses, however, that there was no objection interposed to any testimony of officer Cobley concerning conversations he had with the informer. The first objection to Cobley's testimony came when he was describing when and where the search was being conducted, at a time after appellant had been arrested. Cobley was testifying as to the incident of finding the can of marijuana near the trash can. Appellant then objected to

"any further questions along this line. This was an illegal arrest and made without probable cause and therefore I believe that the testimony given up to this point should be stricken."

This objection and motion to strike were denied by the trial court. However, appellant did not assign error to this ruling by the trial court. Thus if it is the appellant's contention that the asserted illegality of the arrest should be the basis of this court's dismissal of the action it must fail

because the trial court's ruling in this regard was not assigned as error (see State v. Emory, 55 Idaho 649, 46 P.2d 67 (1935) ) and also because illegality of an arrest is no defense in a criminal action. Once the court has acquired jurisdiction over the person of the defendant, it is immaterial how the jurisdiction was obtained. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); Ker v. Illinois, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421, (1886); State v. Poynter, 70 Idaho 438, 220 P.2d 386 (1950).

■ In any event, it is our conclusion that the arrest in the instant case was not an illegal one. In State v. Loyd, 92 Idaho 20, 435 P.2d 797 (1967), this court stated

"A peace officer may make an arrest without a warrant when a felony has been committed and he has reasonable cause to believe that the person or persons arrested have committed it. I.C. § 19–603; State v. Polson, 81 Idaho 147, 339 P.2d 510 (1959); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Reasonable cause exists where there is such state of facts as would lead a man of ordinary care and prudence to believe or entertain an honest and strong suspicion that such person is guilty. State v. Autheman, 47 Idaho 328, 274 P. 805, 62 A.L.R. 195 (1929); Brinegar v. United States, supra * * *." 92 Idaho at 23, 435 P.2d at 799.

To the same effect are Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed. 2d 327 (1959); Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In the present case the officers observed much of the initial transaction between their informer and appellant, and although they did not see the actual transfer of marijuana from appellant to the informer, they had the statement of the informer, whom they knew from past occasions to be reliable, that he had purchased the marijuana from appellant. This marijuana was delivered to the officers shortly after its purchase, and the can was in a brown paper sack similar to the one the officers had observed appellant carrying during their surveillance. Under these circumstances it is our conclusion that the officers had reasonable cause to believe that appellant had possession of a narcotic—marijuana—and his arrest for that charge was based on reasonable cause within the meaning of I. C. § 19–603.

■ Appellant contends that the search of his home, garage and yard following his arrest constituted an unconstitutional search and seizure because it was neither pursuant to a search warrant nor incidental to a lawful arrest, and, in any event, went beyond the permissible scope of a search incidental to an arrest. See Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663 (1948); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685 (1969). We find it unnecessary to consider whether there was an unconstitutional search and seizure. It is our conclusion that any objection to the admissibility of the evidence was waived by appellant by his failure to present the issue to the trial court either by a pre-trial motion to suppress the evidence or during the trial by presentation of any objection to its introduction into evidence based on the unreasonable search and seizure.

■■ It is well settled in this state that generally a challenge to the admissibility of allegedly illegally seized evidence must be made by a motion to suppress the tainted evidence before trial or any objection to the admissibility of the evidence on that ground is waived. State v. Conner, 59 Idaho 695, 89 P.2d 197 (1939); State v. Spencer, 74 Idaho 173, 258 P.2d 1147 (1953); State v. Wansgaard, 46 Idaho 20, 265 P. 671 (1928). However, when there is neither a motion to suppress nor any timely objection to the evidence, the case then falls within the well established rule that where evidence is received without objection at trial, the issue of its admissibility cannot be raised for the first time on appeal. State v. Newman, 70 Idaho 184, 214 P.2d 159 (1950); State v. Taylor, 76

Idaho 358, 283 P.2d 582 (1955). See State v. West, 92 Idaho 728, 449 P.2d 474 (1969). See also People v. Hyde, 51 Cal. 2d 152, 331 P.2d 42 (1958); People v. Richardson, 51 Cal.2d 445, 334 P.2d 573 (Cal. 1959); People v. King, 26 Ill.2d 586, 188 N.E.2d 11 (1963); Bain v. Commonwealth, 330 S.W.2d 400 (Ky.1959); Jenkins v. State, 232 Md. 529, 194 A.2d 618 (1963). Appellant waived any objection to the admissibility of this evidence.

 Appellant also argues that there is no evidence to support a finding by the jury that he was actually in possession of the marijuana introduced into evidence. Whether a defendant is in possession of a narcotic drug is generally an issue for the jury's determination. Duran v. People, 145 Colo. 563, 360 P.2d 132 (1961); Spataro v. State, 179 So.2d 873 (Fla.App.1965); Miller v. State, 11 Terry 579, 137 A.2d 388 (Del.1958). Here the state established that some marijuana was found in appellant's house, and a coffee can of it was found in a bush in his back yard. The evidence established one set of footprints in the snow near the bush, and the officers testified to seeing him go back to the trash can near the bush. A defendant need not have actual physical possession of marijuana to sustain a conviction for possession of it, but the state need only prove that he has such dominion and control over it as to establish constructive possession. White v. United States, 315 F.2d 113 (9th Cir. 1963); United States v. Hernandez, 290 F.2d 86 (2d Cir. 1961); People v. White, 50 Cal.2d 428, 325 P.2d 985 (Cal.1958); People v. Magdaleno, 158 Cal.App.2d 48, 322 P.2d 89 (1958). From all the evidence and surrounding circumstances, it is our conclusion that the record reflects there was sufficient substantial competent evidence to support the jury's determination that appellant had possession of the marijuana.

 Appellant contends the trial court erred in overruling his objection to the introduction into evidence of Exhibits 2 and 4. (Exhibit 2 contained the two small quantities of marijuana, one found in the vase, and the other found in the record player, and Exhibit 4 was the pipe containing the small amount of marijuana.) The objection was on the ground that the quantities of marijuana in these exhibits was too small to be usable and hence too small to constitute a narcotic drug. Appellant has cited cases from other jurisdictions holding that possession of unusable quantities of a particular narcotic is not sufficient evidence to sustain a conviction for possession of a narcotic drug. See Edelin v. United States, 227 A.2d 395 (D.C.App.1967); Greer v. State, 163 Tex.Cr. R. 377, 292 S.W.2d 122 (1956). People v. Leal, 64 Cal.2d 504, 50 Cal.Rptr. 777, 413 P.2d 665 (1966); State v. Moreno, 92 Ariz. 116, 374 P.2d 872 (Ariz.1962). This argument would carry more weight if Exhibits 2 and 4 were the only evidence of marijuana in the possession of appellant. It must not be overlooked, however, in considering this contention that Exhibit 3, which was admitted into evidence, contained a substantial amount of marijuana. In this case it is unnecessary for the court to resolve this issue since the trial court instructed the jury that

> "Every person who possesses any narcotic such as mari*h*uana, *in amounts sufficient to be used as a narcotic,* is guilty of a crime." (Emphasis added.)

See State v. Moreno, supra. Regardless of whether Exhibits 2 and 4 consisted of amounts of marijuana in such small quantities as to be unusable or not, there was other substantial evidence, i. e., Exhibit 3, to support the jury's determination that appellant was in possession of marijuana. There being substantial evidence before the jury to sustain its verdict, this court will not disturb it. State v. Pruett, 91 Idaho 537, 428 P.2d 43 (1967); State v. Booton, 85 Idaho 51, 375 P.2d 536 (1962).

 Appellant also contends that the evidence fails to establish that there was any crime committed because I.C. § 37–3202 ex-

.cepts from its operation the possession of a narcotic drug under authority of a pre-scription, appellant asserting that the state failed here to prove the absence of any prescription. This same issue was dealt with at length in State v. Segovia, 93 Idaho 208, 457 P.2d 905 (1969), wherein it was held that the state need not prove the absence of a prescription in prosecutions for the possession of marijuana.

 Appellant, by an assignment of error, also contends that the information fails to meet the requirements of I.C. §§ 19–1409 and 19–1411. I.C. § 19–1409 requires that an information must contain a statement of "the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." Under I.C. § 19–1703, the failure of an information to conform to the requirements of I.C. §§ 19–1409 or 19–1411 is a ground for a demurrer, and under I.C. § 19–1711, the sufficiency of an information must be challenged in this manner. Failure to demur constitutes a waiver of any objection to the information on these grounds. State v. Peters, 43 Idaho 564, 253 P. 842 (1927). The record fails to disclose any demurrer to the information, and therefore, this assignment of error is without merit.

 Appellant contends that the trial court erred in failing to give an instruction on the defense of entrapment. It is difficult to determine appellant's theory in this regard. Unlike the ordinary case in which entrapment is asserted as a defense, i. e. cases of *unlawful sale* of intoxicants or drugs, this was a case wherein the accused was charged with *possession* of a narcotic. Appellant points to no evidence indicating that anyone connected with the prosecution ever participated in the acts leading to the possession by appellant of the narcotics he was accused of possessing, and hence the trial court did not err in this regard. State v. White, 33 Idaho 697, 197 P. 824 (1921); State v. Chacon, 37 Idaho 442, 216 P. 725 (1923); State v. Webster, 46 Idaho 798, 271 P. 578 (1928); State v. Garde, 69 Idaho 209, 205 P.2d 504 (1949.)

It is our conclusion that none of the errors assigned by appellant require reversal and the judgment of the trial court is therefore affirmed.

McQUADE and SPEAR, JJ., and SCOGGIN and DUNLAP, District Judges, concur.