**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46689**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 28, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| KURT ALLEN MOROZKO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Scott L. Wayman, District Judge.

Judgment of conviction for three counts of discharging a firearm at a dwelling house and two counts of possession of a controlled substance, <u>affirmed</u>.

Kurt Allen Morozko, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Kurt Allen Morozko appeals from the district court's judgment of conviction for three counts of discharging a firearm at a dwelling house and two counts of possession of a controlled substance. Morozko sets forth twenty-six arguments challenging his underlying judgment of conviction. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Morozko was charged with three counts of unlawful discharge of a firearm at a dwelling house, Idaho Code § 18-3317, and two counts of possession of a controlled substance, I.C. § 37-2732(c)(1). The charges arose after residents in Mullan, Idaho reported hearing gunfire throughout December 2017, and two property owners reported to the Shoshone County Sheriff's

1

Department that they had discovered various bullet holes in their homes. As a result of an investigation, the State charged Morozko with the above-listed offenses.

Morozko was represented by counsel. However, at Morozko's request, counsel withdrew[1] and Morozko continued pro se. Morozko's case proceeded to trial on December 11-13, 2018, and a jury convicted Morozko on all five counts. After trial, Morozko filed a motion to arrest judgment and a motion for new trial. The district court denied Morozko's motions. Thereafter, the court sentenced Morozko to concurrent sentences of fifteen years with seven years determinate for each conviction of unlawful discharge of a firearm at a dwelling house, and seven years with three years determinate for both counts of possession of a controlled substance. Morozko timely appeals.

## II.

## ANALYSIS

Morozko asserts a plethora of pretrial, trial, and post-trial errors. Based on these alleged errors, Morozko asks this Court to vacate his judgment of conviction and remand the case back to the district court for a new trial. We will address each of Morozko's claims below.

### A. Motions to Suppress[2]

Morozko claims that the evidence the State presented at trial should have been suppressed. Specifically, he contends that suppression was appropriate because: (1) his property was seized without a warrant and he was arrested without a warrant or probable cause; (2) the search warrants for Morozko's home and person were not supported by sufficient probable cause and were otherwise illegal; (3) the search warrants lacked particularity as to the places to be searched and the items to be seized; (4) the search of his person, home, and vehicle were unconstitutional; (5) the officers executing the search warrants were acting outside their

---

[1]     The order allowing Morozko's counsel to withdraw was entered November 28, 2018.

[2]     The Court interprets Morozko's appellate issues 1, 2, 3, 4, 5, and 12 to raise suppression claims, which are included in this section. It appears that Morozko's first issue also includes allegations relating to his conditions of confinement following his arrest and prior to trial. To the extent that is the case, such claims are not preserved and are otherwise not cognizable on direct appeal. *See Knutsen v. State*, 144 Idaho 433, 439 n.2, 163 P.3d 222, 228 n.2 (Ct. App. 2007) (noting that conditions of confinement claims are properly brought in a habeas corpus action or perhaps a post-conviction case, but not on direct appeal).

2

territorial jurisdiction and seized improper items;[3] and (6) the officers trespassed on his property. Morozko also presents sub-issues and arguments within these overarching suppression issues. In response, the State argues that Morozko's suppression claims fail because the district court denied Morozko's claims as untimely and Morozko failed to challenge the district court's determination. We agree with the State.

We conclude that Morozko has failed to show that the district court erred in denying his motions to suppress as untimely. A motion to suppress "must be filed within 28 days after the entry of a plea of not guilty or seven days before trial whichever is earlier." Idaho Criminal Rule 12(b)(3), (d). Prior to trial, Morozko filed various pro se motions to suppress while represented by counsel and while representing himself. None of these motions were noticed for hearing. On the second day of trial, Morozko orally renewed the previously filed written motions to suppress. The State objected to the district court considering the merits of Morozko's motions because both the oral and written motions were untimely. The district court sustained the State's objection. The district court concluded that Morozko's motions, which were filed prior to trial, were not timely filed or noticed for hearing. On appeal, Morozko does not directly challenge the court's ruling that his motions were untimely.[4] Rather, Morozko presents arguments on the merits of his motions. Because the basis of the district court's ruling is not challenged on appeal, we must affirm the district court on its unchallenged ruling. *State v. Goodwin*, 131 Idaho 364,

---

[3]     Morozko raised the issue of the authority of the officers from the Osborn Police Department to participate in the investigation in this matter not as a motion to suppress but in his motion for new trial filed after the verdict. The district court held that the evidence presented demonstrated that the Osborn Police officers did have authority and Morozko failed to show that the issue constituted a factual or legal basis for a new trial. Morozko has failed to challenge this ruling on appeal and we will not further address it.

[4]     To be clear, Morozko did challenge the district court's finding of untimeliness as to a variety of motions, and the series of motions referenced contains, among others, motions to suppress on various grounds. However, Morozko's argument regarding the court's finding that his motions were untimely is only that the district court did not file a scheduling order and some of the motions were not governed by Idaho Criminal Rule 12(b). While a court may issue a scheduling order, it is not error to rely upon the rules governing procedure instead of issuing a scheduling order. Morozko does not address which motions he contends were not covered by I.C.R. 12(b).

3

366, 956 P.2d 1311, 1313 (Ct. App. 1998). Thus, we conclude that the district court did not err in determining that Morozko's motions to suppress were untimely.[5]

**B.     Charging Documents[6]**

Morozko argues that his judgment of conviction should be vacated because there were multiple errors in the charging documents. Morozko claims that (1) some of the charges brought against him were multiplicitous, (2) it was improper to join the possession charges with the unlawful discharge of a firearm offenses, and (3) the complaint was improperly amended at the preliminary hearing. Morozko also presents sub-issues and arguments within these overarching charging documents issues. In response, the State contends that Morozko's arguments in relation to the charging documents were untimely and not preserved for appeal.

To the extent Morozko attempted to raise any of these arguments before trial, he did so while represented by counsel. Neither trial counsel, nor Morozko filed notices of hearings for the motion. The district court properly refused to consider documents Morozko filed while represented by counsel or motions that were never properly noticed for hearing. Because Morozko never properly filed a motion to challenge the charging documents, as required by I.C.R. 12(b)(2) and I.C.R. 12(d), he has failed to preserve his arguments for appeal. *See* I.C.R. 12 (stating that "defenses and objections based on defects in the complaint, indictment or information" "must be filed within 28 days after the entry of a plea of not guilty or seven days before trial whichever is earlier").

In his post-trial motions, Morozko argued, among other issues not relevant here that his charges were not part of a common scheme or plan. The district court correctly concluded that the charges were properly joined and that Morozko never filed a motion to sever prior to trial.

---

[5]     The district court was correct in its determination that Morozko's motions to suppress were untimely filed without good cause or excusable neglect. As noted, the motions were required to be filed "within 28 days after the entry of a plea of not guilty or seven days before trial whichever is earlier." I.C.R. 12(d). The earliest of those dates in this case was twenty-eight days after the entry of his plea. Morozko pled not guilty on July 30, 2018, and did not file a motion to suppress within twenty-eight days. Morozko has provided no argument or citation to the record to support a showing of good cause.

[6]     The Court interprets Morozko's appellate issues 13, 14, and 21 to raise challenges to the charging documents, which are included in this section.

These issues were not timely raised, and in any event, were properly rejected by the district court.[7]

## C.    Pretrial Procedural Errors[8]

Morozko argues that his judgment of conviction should be vacated because various aspects of the pretrial proceedings were conducted in error.

First, Morozko claims that there was not a proper probable cause finding to hold him after his arrest and that a probable cause hearing was not held within forty-eight hours as required by I.C.R. 5(d). To support this claim, Morozko cites documents that he attached to his notice of appeal. In response, the State argues that the magistrate court entered a probable cause finding which is in the record and Morozko did not preserve this argument for appeal, citing *State v. Mitchell*, 104 Idaho 493, 500, 660 P.2d 1336, 1343 (1983). In reply to the State's argument, Morozko claims that this issue was preserved for appeal. He redirects the Court to a different portion of the record in support of his argument. However, the page to which Morozko directs this Court is a subpoena and does not relate to his claim that a proper probable cause finding was not made by the magistrate court. Aside from the magistrate court's finding, dated January 12, 2018, which is contained in the record, Morozko's argument that the magistrate court failed to make a probable cause finding to hold him after his arrest is not preserved for appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (explaining that issues not raised below may not be considered for the first time on appeal). Morozko did not make a proper and timely objection in the trial court to any alleged violation of I.C.R. 5(d). *State v. Carlson*, 134 Idaho 389, 398, 3 P.3d 67, 76 (Ct. App. 2000). Thus, we will not consider his argument on appeal.

Second, Morozko claims that his speedy trial rights were violated because he was not provided a timely preliminary hearing, the information was not timely filed with the court, and his trial did not occur until nearly a year after his arrest. Morozko raised speedy trial issues in pretrial filings, however, the district court determined, during trial, that Morozko's pretrial

---

[7]    In his reply brief, Morozko claims that his multiplicitous argument was raised before trial and during the sentencing hearing. In so arguing, Morozko points this Court to a portion of the record to show that he raised this argument before trial. However, that portion of the record, which is a motion to dismiss filed by Morozko, does not contain any such argument and the argument was not made post-trial.

[8]    The Court interprets Morozko's appellate issues 6, 7, 8, 15 (part), 17, and 22 to raise pretrial procedural errors, which are included in this section.

motions were untimely and not properly noticed for hearing. Following his conviction, Morozko filed various motions, including a motion for new trial. That motion was based, in part, on a claim that a preliminary hearing was not conducted in accordance with I.C.R. 5.1 resulting in a violation of his speedy trial rights. The district court addressed the various motions at the sentencing hearing before going forward with the sentencing.

When arguing his motion for new trial, Morozko acknowledged that the preliminary hearing was originally set for January 25, 2018, within the fourteen-day period, but was stayed to determine his competency. Morozko complained that a preliminary hearing should have occurred while his competency was being determined even though he was found incompetent for purposes of proceeding in his criminal case and was committed to the Idaho Department of Health and Welfare on April 3, 2018, for treatment to restore his competency. Consequently, he argued the information, which was filed in July 2018, was outside the six-month allowable timeframe. On appeal, Morozko additionally argues at length that the competency proceedings were illegal, based on false testimony and a ruse by the prosecutor to buy more time. These arguments were not made below and will not be considered on appeal. The district court correctly found that the preliminary hearing was originally scheduled within the fourteen-day period, the question of Morozko's competency at the time resulted in a stay of proceedings, and Morozko thereafter waived a timely preliminary hearing. In fact, a termination of commitment was filed June 15, 2018, and a preliminary hearing was set for June 28, which was within fourteen days of terminating Morozko's commitment. On June 22, 2018, Morozko's new counsel filed a motion to vacate the preliminary hearing and a "Waiver of Timely Preliminary Hearing." The preliminary hearing was thereafter held on July 19, 2018, and the information was filed on July 23, 2018. Trial occurred within six months, resulting in no speedy trial violation.

Third, Morozko claims that the prosecutor failed to disclose various pieces of evidence in violation of *Brady*[9] and the sheriff's office did not comply with a public records request. In response, the State argues that Morozko failed to raise these claims below. We agree with the State and conclude that Morozko failed to preserve these arguments for appeal. Other than the public records request, which Morozko briefly mentioned in the course of an unrelated argument

---

[9]     *Brady v. Maryland*, 373 U.S. 83 (1963).

at the sentencing hearing,[10] Morozko does not cite the Court to the record to show where these issues were presented to the district court or explain how or when the evidence was discovered which he alleges was not produced. Instead, in his reply brief, Morozko responds to the State's contention by simply stating "much of this suppressed evidence was not known by the Defendant until after the trial." Morozko has not preserved his *Brady* arguments for appeal because he did not present them to the district court and did not obtain an adverse ruling for this Court to review. *Smith v. State*, 146 Idaho 822, 841, 203 P.3d 1221, 1240 (2009); *Fodge*, 121 Idaho at 195, 824 P.2d at 126.

Fourth, Morozko argues that the magistrate court erred by admitting "lab and forensics reports" and allowing a deputy to testify at his preliminary hearing. In addition, Morozko argues that the "Trial Court erred in not hearing multiple pretrial motions filed by Defense Counsel in this case." Morozko's arguments fail. The Idaho Supreme Court explained in *Mitchell*, 104 Idaho at 500, 660 P.2d at 1343 that even if "the magistrate erred in relying on evidence at the preliminary hearing that is ultimately determined to be inadmissible, the error is not a ground for vacating a conviction where the appellant received a fair trial and was convicted, and there is sufficient evidence to sustain the conviction." As set forth herein, Morozko has not shown that he did not receive a fair trial, and sufficient evidence to sustain the verdict was produced at trial. Consequently, even if the evidence was improperly admitted at the preliminary hearing, it provides no ground for vacating Morozko's conviction. Next, as explained above, the district court properly ruled that it would not consider motions that Morozko made (1) while represented by counsel, or (2) a few days prior to trial but were not noticed for hearing.

Fifth, Morozko contends that he was denied all discovery prior to his preliminary hearing. We conclude that Morozko's claim is without merit. It is clear from the record that Morozko was provided with appropriate discovery prior to his preliminary hearing. It appears from his briefing that Morozko takes issue with the State not providing discovery directly to him in addition to the discovery that the State provided to his counsel. To the extent that Morozko is

---

[10] Morozko filed a motion before trial contending that since a public records request concerning events on his property prior to the charged incidents was denied, any such records were exempt and could not be used by the prosecution. This motion was not noticed for hearing and no ruling was made thereon. In addition, as mentioned by the prosecutor at sentencing, a public records request is not the same as discovery and Morozko pointed to no such records relevant to the criminal matter that had not been produced.

7

claiming that an error occurred because he was not personally given the discovery material that the State had already provided to his defense counsel, Morozko's claim is without merit and he cites no authority to support such a proposition. *See* I.C.R. 16(a).

Sixth, Morozko argues that the preliminary hearing transcript was not timely prepared. In response, the State argues that this claim was not preserved. In his reply brief, Morozko points the Court to the record and argues that he raised this issue below through an objection during trial and during sentencing. However, the portions of the record to which Morozko cites do not contain any such objection or discussion regarding the preparation of the preliminary hearing transcript. As such, we conclude that Morozko's claim is not preserved for appeal. *Fodge*, 121 Idaho at 195, 824 P.2d at 126.

## D.    Trial Errors[11]

Morozko contends that his judgment of conviction should be vacated because of various trial errors.

First, Morozko claims that the State did not lay adequate foundation for three of its exhibits (Exhibit 15, Exhibit 20, and Exhibit 28) because the police improperly collected the evidence.[12] The State argues that Morozko did not preserve these claims for appeal. We agree with the State. Morozko did not object to admission of Exhibit 15, Exhibit 20, or Exhibit 28. To the contrary, after the State moved to admit each of the exhibits, the district court asked Morozko if he objected to its admission and Morozko explicitly stated that he did not have an objection. Because Morozko did not object to the exhibits for lack of foundation below, he did not preserve his argument for appeal. *Fodge*, 121 Idaho at 195, 824 P.2d at 126.[13]

---

[11]    The Court interprets Morozko's appellate issues 9, 10, 11, 15 (part), 16, 18, 20, and 23 (part) to raise trial errors, which are included in this section.

[12]    Morozko cites to the police evidence number rather than the State's exhibit number. For ease of reference, we cite to the State's exhibit number.

[13]    Morozko complains about the collection, documentation, and presentation of much of the evidence in his case. However, Morozko did not object to each specific piece of evidence that he takes issue with at trial. On appeal, he fails to challenge specific pieces of evidence and similarly fails to cite to the record or transcript to show an objection and the basis therefore. Consequently, his complaints regarding such evidence will not be considered on appeal. *See* *State v. Carlson*, 134 Idaho 389, 398, 3 P.3d 67, 76 (Ct. App. 2000) (explaining "It is a fundamental tenet of appellate law that a proper and timely objection must be made in the trial court before an issue is preserved for appeal.").

Second, Morozko argues that the method of forensic identification that was used to match the bullets to his firearm was flawed and documentation of testing was lacking. In addition, he points to testimony from the Idaho State Lab analyst who testified regarding the method of forensic identification, and argues that the analyst's testing was flawed because the analyst admitted during trial that one of the dates in his report was inaccurate. First, we conclude that Morozko failed to preserve an argument regarding the method of forensic identification because he did not object to its use or presentation at trial. *Carlson*, 134 Idaho at 398, 3 P.3d at 76. However, Morozko did "move to suppress" the test results after he questioned the analyst about the inconsistencies in the report and the analyst conceded that a date in his report was incorrect. We will assume, without deciding, that this was a proper objection and Morozko preserved his argument that the test results should not have been admitted because of an inconsistent date in the report. Regardless, Morozko has failed to show error. Morozko's argument that the report's conclusions are unreliable because of the analyst's testimony that a date in the report was incorrect does not, on its own, make the report inadmissible. This inconsistency in the report merely goes to the weight of the evidence, not the admissibility. *State v. Barber*, 157 Idaho 822, 824, 340 P.3d 471, 473 (Ct. App. 2014) (concluding "defects in the foundation go to the weight, not admissibility, of the evidence"). As such, we conclude that the district court did not err by admitting the report.

Third, Morozko alleges that the State's witnesses gave inconsistent statements, false testimony, or committed perjury. In response, the State argues that Morozko has failed to show error because he does not challenge the district court's ruling in relation to these arguments and fails to cite relevant authority. We agree with the State. Morozko's appellate brief on this issue consists primarily of factual allegations regarding inconsistencies in the testimony of the State's witnesses which are unsupported by legal argument or authority. Morozko does not set forth a ruling that he is challenging and does not attempt to explain why or how the district court erred. Because Morozko's argument on this issue is not supported by cogent argument or authority, we will not consider it. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (concluding that a party waives an issue on appeal if either authority or argument is lacking).

However, as noted above, Morozko filed a motion for new trial after the jury verdict. During the hearing on the motion, Morozko claimed several instances of false evidence or perjury at trial. First, Morozko claimed that the State forensic expert submitted false evidence

because the report showed (a) the test firings of the firearm occurred before the firearm was actually sent to the lab, and (b) three solid point bullets from the firearm were reported fired when the firearm was actually fully loaded with hollow point bullets when seized. Second, Morozko claimed the chain of custody and testimony regarding property details from Shoshone County officers was false. Third, Morozko claimed Officer Lee presented false testimony about three versus two bullets being found and linked to Morozko. Finally, Morozko claimed a police department employee testified falsely that the she drove the firearm to the lab on a particular date because there is no evidence that the firearm was signed out or signed back in to the evidence locker.[14] The district court ruled that none of the testimony was false, Morozko had not satisfied the standards of *State v. Drapeau*, 97 Idaho 685, 551 P.2d 972 (1976) for granting a new trial based upon newly discovered evidence and that the evidence was simply impeachment. Morozko does not directly challenge any of the district court's determinations, instead arguing the factual evidence demonstrates perjury. While we need not consider the unchallenged denial of the motion for new trial, we agree with the district court's analysis.

Fourth, Morozko argues that the district court erred by failing to allow him to present evidence of an alibi. The State argues that Morozko did not preserve this argument for appeal. We agree with the State.[15] "[B]oth the issue and the party's position on the issue must be raised before the trial court for it to be properly preserved for appeal." *State v. Gonzalez*, 165 Idaho 95, 98, 439 P.3d 1267 1270 (2019). At the end of trial, Morozko moved to admit defense Exhibits B through K (which included the evidence of Morozko's alibi that he contends was improperly excluded). The district court addressed each exhibit and asked the State if it objected to admission of the exhibits. The State objected to admission of each of the exhibits for lack of foundation, failure to authenticate, and hearsay. Morozko was given the opportunity to address the State's objections. Morozko did not argue that the exhibits were not hearsay or attempt to present an exception to the rule against hearsay. He did not argue that adequate foundation had been laid or attempt to lay adequate foundation. Instead, Morozko responded that he did not

---

[14]     In his appellate brief, Morozko additionally asserts that Ms. Sands-Weimer and Mr. Chisholm's testimony was perjured. He did not raise that claim in the motion for new trial; however, for the same reasons the district court denied his motion as to the other witnesses, Morozko's claim fails.

[15]     Prior to trial, Morozko filed notices of alibi. However, he did so either while represented by counsel or without noticing any associated motion for hearing.

wish to address the State's objections for a majority of the exhibits presented. Consequently, the district court sustained the State's objections and excluded the exhibits.[16] Because Morozko did not argue below that the evidence was authenticated, had foundation, or was not precluded by the rule against hearsay, he has not preserved those arguments for appeal. *Id*.

Fifth, Morozko argues that his due process rights were violated "when the Defendant's motion to subpoena witnesses went ignored by the Court." The State argues that Morozko has failed to show error because he does not challenge the district court's ruling in relation to this argument. We agree with the State. While represented by counsel, Morozko filed a document with the district court titled "Notice to Subpoena" in which he "g[ave] notice to the Court" to subpoena thirteen individuals. In Morozko's motion for new trial, he argued that the district court erred in failing to subpoena witnesses for the defense. The district court denied Morozko's motion because Morozko did not assert viable grounds for a new trial and Morozko failed to present any evidence or argument to show that the witnesses would have aided in his defense. On appeal, Morozko does not challenge the district court's conclusions or argue why he is entitled to a new trial based upon the district court's alleged errors, arguing only that he was entitled to subpoenas because he had a due process right "to present a defense." Because he does not challenge the district court's ruling, Morozko has failed to show that the district court erred. *Goodwin*, 131 Idaho at 366, 956 P.2d at 1313.

Sixth, Morozko argues that the district court erred by overruling his objections to Deputy Lee's testimony. At trial, Deputy Lee testified on behalf of the State regarding his training and experience in law enforcement and his investigation of this case. During Deputy Lee's testimony, the State moved to admit State's Exhibits 24-27. The exhibits were photographs of dowels which investigators used to track the general trajectory of the bullets that struck the houses. Morozko objected. He argued that Deputy Lee was not qualified to testify and use of the dowels was not reliable. Later, Morozko objected to Deputy Lee's assertion that, based on Deputy Lee's investigation, he believed the shots came from Morozko's residence. Morozko argued that Deputy Lee was not qualified to make that assertion. In both instances, the district court overruled Morozko's objection.

---

[16] The district court did admit one exhibit, Exhibit B1, because the State did not object to its admission.

"A district court has broad discretion in determining whether a witness is qualified as an expert." *Weeks v. E. Idaho Health Servs.*, 143 Idaho 834, 837, 153 P.3d 1180, 1183 (2007) "Admissibility of expert testimony is also a matter committed to the discretion of the trial court and will not be overturned absent an abuse of that discretion." *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Idaho Rule of Evidence 702 sets forth the standard related to expert testimony as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

I.R.E. 702. "Formal training is not necessary, but practical experience or special knowledge must be shown to bring a witness within the category of an expert." *Weeks*, 143 Idaho at 837, 153 P.3d at 1183.

On appeal, Morozko argues that the district court erred in overruling his objections because Deputy Lee did not have the qualifications or "specialized knowledge" to testify about "gunshot reconstruction" or "ballistics." We conclude, however, that the deputy had sufficient expertise and the defendant inaccurately characterizes the evidence as "gunshot reconstruction" and "ballistics." In our view, using a straight line (such as a dowel) protruding from a bullet hole to visualize and determine which general direction shots were fired from is not particularly technical or arcane. *See State v. Larson*, 158 Idaho 130, 134, 344 P.3d 910, 914 (Ct. App. 2014) (concluding that "[t]he mushrooming of bullets and the relative size of entrance and exit holes [wer]e not particularly technical or arcane subjects" for individuals who have experience with firearms). That is true because "[o]ne need not engage in extensive technical study, take specialized measurements, or employ specialized tools of scientific analysis to make these simple observations." *Id.* Here, Deputy Lee established that he had appropriate training and experience in law enforcement. His training included the use of firearms. In addition, he explained that he was trained in conducting crime scene investigations and a part of his training included bullet trajectory. Because Deputy Lee had adequate training and the ability to engage

12

in on-scene investigations, the district court did not abuse its discretion by allowing Deputy Lee to testify about his investigation and his opinion regarding the direction of the shots.

Seventh, Morozko contends that the jury verdict form created an unconstitutional presumption of guilt because the prosecution "knowingly altered" the verdict form to present the jury's option of "Guilty" before "Not Guilty." Morozko points to broad sources of law, such as the Idaho Criminal Jury Instructions and the Fifth and Fourteenth Amendments, to support his assertion. However, he does not provide cogent argument to show how these broad sources of law apply to the facts of his case or explain how each of these laws were violated. Instead, he makes a conclusory allegation unsupported by argument or appropriate authority. As such, he has waived this issue on appeal. *Zichko*, 129 Idaho at 263, 923 P.2d at 970 (concluding that a party waives an issue on appeal if either authority or argument is lacking). Moreover, we note that placing "guilty" before "not guilty" on the verdict form does not lead to the conclusion that the jury ignored the instructions specifically addressing the presumption of innocence and the State's burden of proof. To the contrary, we assume the opposite--that the jury followed the court's instructions. *See State v. Carson*, 151 Idaho 713, 718, 264 P.3d 54, 59 (2011) (noting presumption that jury follows court's instructions).

Eighth, Morozko argues that there were defects in the jury instructions which affected his conviction. In response, the State argues that Morozko's claims fail because he did not object to the jury instructions at trial and does not argue that fundamental error applies on appeal. We agree with the State. In his reply brief, Morozko concedes that he did not object to the jury instructions. Nonetheless, Morozko fails to argue that fundamental error applies. As such, Morozko's claim regarding the jury instructions fails.

## E.    Prosecutorial Misconduct [17]

Morozko argues that the prosecutor committed misconduct in a variety of ways. First, Morozko contends that the prosecutor committed misconduct by submitting evidence that was exempt from disclosure under the Public Records Act. The State claims that Morozko's argument is without merit. We agree. The Idaho Rules of Evidence govern the admission of evidence at trial, not the Public Records Act. *See* I.R.E. 101(b). In addition, it is the district

---

[17]    The Court interprets Morozko's appellate issues 19 and 25 to raise prosecutorial misconduct claims, which are included in this section. Morozko's arguments regarding other prosecutor actions are also addressed within other sections.

13

court's duty to determine whether evidence should be admitted pursuant to the Idaho Rules of Evidence, not the prosecutor. Morozko has persisted in his mistaken belief that his Public Records Act request has bearing on this matter. The Public Records Act has its own avenue for appeal from a claim of exemption from production of requested records. Records exempt under the Public Records Act may still be relevant and admissible in a separate criminal matter and there is no prohibition on the prosecution from seeking admission of such documents. Morozko's contention that the prosecutor committed misconduct by admitting evidence exempt from disclosure under the Public Records Act is without merit.

Second, Morozko contends that the prosecutor failed to present certain evidence to the jury, relied on unreliable evidence, and provided false evidence to obtain a conviction. In making these arguments, Morozko makes factual allegations which are unsupported by argument or authority. He does not cite a relevant legal standard or provide cogent argument. Thus, we will not consider these arguments. *Zichko*, 129 Idaho at 263, 923 P.2d at 970. We note, however, that the evidence Morozko contends the prosecutor improperly used is addressed elsewhere herein and we have found no error in its admission.

Third, Morozko contends that the prosecutor deliberately delayed the trial in violation of Morozko's due process rights by moving for a competency evaluation in order to gain a tactical advantage over him. Before a due process violation can be found, the defendant must show that the pre-accusation delay caused substantial prejudice to the defendant's right to a fair trial and that the delay was a deliberate device to gain an advantage over the accused. *State v. Kruse*, 100 Idaho 877, 879, 606 P.2d 981, 983 (1980); *State v. Davis*, 141 Idaho 828, 842, 118 P.3d 160, 174 (Ct. App. 2005). Here, the State moved for a competency evaluation and the district court granted the State's motion. Thereafter, Morozko was evaluated and hospitalized as a result of the evaluation. The State's interest in ensuring Morozko's competency to stand trial is not a deliberate device to gain an advantage over Morozko. Moreover, after Morozko was released from the hospital, he stipulated to a waiver of a timely preliminary hearing. On appeal, Morozko does not argue that he suffered substantial prejudice as a result of the delay and has not shown that the delay was a deliberate device to gain an advantage by the State. As such, Morozko has not shown that his due process rights were violated.

Fourth, Morozko contends that the government tampered with evidence. Morozko claims that his Bond Arms .357 pistol was seized but a Taurus .357 was photographed and that the

14

documentation of the transport of the Bond Arms .357 is lacking. Morozko's argument consists solely of factual allegations. He provides no evidence or argument in his opening brief of how the issues with the .357 matter at all to his conviction. He does not cite any legal authority nor does he provide cogent argument to support his claim. Accordingly, we will not consider the merits of his tampering claim on appeal. *Zichko*, 129 Idaho at 263, 923 P.2d at 970.

Fifth, Morozko contends that the prosecutor committed misconduct during closing arguments. In response, the State argues that Morozko's claims fails because he did not object to the statements at trial and does not argue on appeal that fundamental error applies. We agree with the State. In his reply brief, Morozko concedes that he did not object to the statements that he challenges on appeal because he was "unable to hear [the prosecutor's] comment." Nonetheless, Morozko fails to argue that fundamental error applies. As such, Morozko has failed to show that the prosecutor committed misconduct during closing arguments.

## F. Sufficiency of the Evidence[18]

Morozko argues, for multiple reasons, that the evidence was insufficient to convict him beyond a reasonable doubt. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

First, Morozko argues that the evidence was insufficient to establish the time element of Count II, discharging a firearm at a dwelling house. Specifically, Morozko claims that the State failed to prove this element because the person living at the dwelling at the time "had no idea when the damage may have occurred." We disagree. On the count in question, the State alleged

---

[18] The Court interprets Morozko's appellate issues 23 (part) and 24 to raise sufficiency of the evidence challenges, which are included in this section.

15

that Morozko discharged a firearm at a dwelling house "on, about, or between the dates of December 9, 2017 and December 30, 2017." At trial, the occupant of the dwelling testified that she started hearing shots around mid-December, saw a flashing red muzzle coming from Morozko's house one evening around December 19, and reported the shots to police around December 20. She testified that she knew that the shots occurred before Christmas. In addition, the witness testified that four of the shots hit her home. Based on this testimony, we conclude that the State provided sufficient evidence to satisfy the time element of Count II.

Second, Morozko argues that the evidence was insufficient to establish that he intended to discharge his firearm at inhabited dwellings. Idaho Code § 18-3317 states that "It shall be unlawful for any person to intentionally and unlawfully discharge a firearm at an inhabited dwelling house." The element of intent need not be shown by direct evidence but may be inferred from circumstantial evidence. Criminal intent may be inferred from the defendant's actions and surrounding circumstances. *State v. Billings*, 137 Idaho 827, 831, 54 P.3d 470, 474 (Ct. App. 2002). The State presented ample evidence that Morozko shot at two of his neighbors' houses and the shootings occurred throughout December 2017 and January 2018. The jury could have reasonably inferred that this repeated behavior was intentional. Accordingly, we conclude that the State presented sufficient evidence to support the jury's finding that Morozko intended to discharge his firearm at inhabited dwellings.

Third, Morozko argues that the evidence was insufficient to prove that one of the houses was an inhabited dwelling house. Specifically, Morozko claims that the house, which was a former bed and breakfast, was not being occupied by its owner or anyone else and therefore was not an inhabited dwelling house. However, I.C. § 18-3317 explains that "'inhabited' means currently being used for dwelling purposes, whether occupied or not." The State presented evidence that the home was being used as a dwelling and the owner had recently evicted the family that was living in the house. Although the home was not being occupied when the shots were fired, it was being used for dwelling purposes and satisfied the definition set forth in I.C. § 18-3317. Based on the definition and the State's evidence, we conclude that sufficient evidence supports the jury's verdict that the house was an inhabited dwelling house.[19]

_____

[19]     In denying Morozko's motion to arrest judgment, the district court also found substantial evidence supported the jury's determination that the house was an inhabited dwelling house.

Fourth, Morozko argues that there was insufficient evidence to show that he was guilty of possessing a controlled substance. Specifically, he contends that the State did not adequately prove the knowledge element because the substance, U-47700, had been made illegal some eleven months prior to Morozko's charge and "no reasonable person would be aware this substance had been made illegal." In addition, he claims that the State failed to prove, under Count VI, that he possessed the drug because it was found in his home while he was not there and not on his person. Morozko's former argument is without merit. Morozko was convicted under I.C. § 37-2732, which makes it illegal to possess controlled substances. The Idaho Supreme Court has held that "the offense requires a general intent, that is, the knowledge that one is in possession of the substance." *State v. Fox*, 124 Idaho 924, 926, 866, P2d 181, 183 (1993). However, the individual need not know the substance possessed is a controlled substance. *Id*. Morozko's latter argument likewise lacks merit. A defendant need not have actual physical possession of a drug to sustain a conviction for possession of it, but the State need only prove that he has such a dominion and control over it as to establish constructive possession. *State v. Segovia*, 93 Idaho 594, 598, 468 P.2d 660, 664 (1970). Here, the State presented evidence that officers discovered U-47700 residue on a scale which was located on the living room coffee table inside of Morozko's home. From all the evidence and surrounding circumstances, we conclude that the record reflects there was substantial and competent evidence to support the jury's determination that Morozko had possession of the illegal substance.

## G.    Sentencing[20]

Finally, Morozko argues that the district court imposed an excessive sentence. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or

---

[20]    The Court interprets only Morozko's appellate issue 26 to raise a sentencing challenge, which is included in this section.

retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Here, the district court sentenced Morozko to concurrent sentences of fifteen years with seven years determinate for each count of discharging a firearm into an occupied dwelling and seven years with three years determinate for both counts of possession of a controlled substance. We conclude that the sentence imposed by the district court is not unreasonable upon review of the facts of the case. The district court considered the sentencing objectives, the facts underlying Morozko's charges, and the impact of the crimes on the citizens of Mullan. The district court also expressly considered mitigating factors such as Morozko's lack of criminal history. However, the district court, after citing to the goals of sentencing, determined that a prison sentence was appropriate "[i]n order to protect the public." The district court adequately articulated its reasoning for imposing Morozko's sentence. Accordingly, the district court did not abuse its discretion in imposing Morozko's sentence.

## III.
## CONCLUSION

Morozko has failed to show that the district court erred in denying his motions to suppress or preserve his claims regarding the errors in the charging documents. In addition, Morozko has failed to show errors in the pretrial proceedings or errors in the trial proceedings. Finally, Morozko has failed to show that the prosecutor committed misconduct, there was insufficient evidence to sustain the verdict, or the district court imposed an excessive sentence. Accordingly, the district court's judgment of conviction and sentence for three counts of discharge of a firearm at a dwelling house and two counts of possession of a controlled substance is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

18